UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

MICHAEL J. HERMES,

    Plaintiff,

    vs.                                                      Case No. 14-CV-280

FESTIVAL FOODS,

    Defendant.

---

## BRIEF IN SUPPORT OF MOTION FOR
## DISMISSAL AS A DISCOVERY SANCTION

---

    Defendant Skogen's Foodliner, Inc. d/b/a Festival Foods ("Festival Foods"), by and through its undersigned attorneys, respectfully moves the Court to dismiss this action and award other discovery sanctions pursuant to Fed. R. Civ. P. 37(d) as a sanction for Plaintiff Michael J. Hermes' failure to appear for his deposition after being served with proper notice.

## BACKGROUND

    While this motion seeks sanctions under Rule 37(d) for failure to attend a properly-noticed deposition, Plaintiff's cavalier and dismissive attitude towards the discovery process started well before the recent attempt at taking his deposition. Festival Foods provides the following recitation of facts so that the Court may view Plaintiff's failure to attend his deposition in the proper context.

    Plaintiff filed this action alleging retaliation and interference claims under the Family Medical Leave Act and discrimination under the Americans With Disabilities Act arising out of the termination of his employment with Festival Foods. (ECF 1). Festival Foods served written discovery on Plaintiff's counsel on June 10, 2014. (Declaration of Tony H. McGrath ["McGrath

1

3091801.1

Dec.", ¶ 4). By letter dated July 3, 2014, Festival Foods granted Plaintiffs' request for a two-week extension of time to respond to the written discovery, with the expectation that it would "receive a complete set of written responses and responsive documents, without unfounded objections." (*Id*., ¶ 5, Ex. A).

Plaintiff served his Responses to Defendant's First Set of Discovery to Plaintiff on July 24, 2014 and a First Supplement thereto on July 31, 2014. (*Id*., ¶ 6). Despite the extension of time and supplementation, Plaintiff's responses were incomplete and evasive. Festival Foods attempted to resolve the numerous discovery disputes informally and sent Plaintiff's counsel a letter dated August 1, 2014. (*Id*., ¶ 7, Ex. B). Among other things, Plaintiff failed to produce pertinent medical records, objected to a request for documents related to his claim for damages and refused to produce responsive documents, and failed to supply information related to his attempts to mitigate his damages. (*Id*.)

Plaintiff responded through counsel by letter dated August 7, 2014. (*Id*., ¶ 8, Ex. C). While Plaintiff produced some additional documents in a supplement dated the same day, Plaintiff still had not provided a full and complete written response or production of documents. For instance, with respect to Festival Foods' requests for information and documents regarding Plaintiff's damages and mitigation efforts, Plaintiff responded that those questions are "best suited for his deposition." (*Id*. at p. 2). Plaintiff gave the same response – that the "questions you ask are best reserved for Mr. Hermes' deposition" – to Festival Foods' demands that Plaintiff identify individuals who may have witnessed the epileptic seizure referenced in the Complaint. (*Id*. at p. 3).

In light of Plaintiff's failure to provide the requested information and documents, Festival Foods cancelled Plaintiff's deposition, which had been previously noticed for August 21, 2014.

(*Id.*, ¶ 10, Ex. D).  Festival Foods asked Plaintiff's counsel, Attorney Dill, to provide dates in September or October that Plaintiff would be available for a deposition.  (*Id.*)  Attorney Dill responded by email, stating that Plaintiff would be available on several dates in October, including Monday, October 20, 2014.  (*Id.*, ¶ 11, Ex. E).  In a follow-up email, Festival Foods informed Plaintiff's counsel that it would reschedule Plaintiff's deposition for Monday, October 20, 2014 to be held in Madison.  (*Id.*)

After a third supplement to Plaintiff's discovery responses failed to remedy all of the outstanding deficiencies, Festival Foods sent Plaintiff's counsel another letter attempting to resolve the ongoing discovery disputes on August 20, 2014.  (*Id.*, ¶ 12, Ex. F).  Festival Foods did not receive a response to its letter of August 20th.  (*Id.*)

Shortly thereafter, Attorney Dill and his firm filed a motion to withdraw as counsel.  (ECF 15).  The Court granted Attorney Dill's motion to withdraw.  (ECF 17).  At the hearing on the motion to withdraw, Attorney Dill stated that Plaintiff <u>had been informed</u> of the October 20, 2014 deposition date.  (*Id.*)

Consistent with the Court's finding that Plaintiff was unrepresented and that counsel for Festival Foods may contact him directly, Festival Foods sent a letter to Plaintiff on September 18, 2014.  (McGrath Dec., ¶ 12, Ex. F).  Festival Foods provided Plaintiff with copies of all of the discovery-related correspondence between counsel and asked for a response from Plaintiff.  (*Id.*)  Plaintiff failed to respond or otherwise provide the information that was requested.  (*Id.*, ¶ 15).

In addition, Festival Foods' letter to Plaintiff enclosed an Amended Notice of Deposition, setting Plaintiff's deposition for the agreed-upon date of October 20, 2014.  (*Id.*, ¶ 13, Ex. G).  Plaintiff's original deposition was schedule to take place in Madison.  (*Id.*, ¶ 13).  Festival Foods

set the location of the rescheduled deposition in Appleton to make it more convenient for Plaintiff to attend. (*Id*.). Per the Court's request at the hearing on the motion to withdraw, Festival Foods warned Plaintiff that "failure to attend your deposition, or otherwise comply with your discovery obligations, may result in the dismissal of your lawsuit." (*Id*., ¶ 13, Ex. G, p. 2). Plaintiff did not contact Festival Foods or its counsel at any time to request that the deposition be moved or rescheduled. (*Id.*, ¶ 15).

Plaintiff failed to appear for his deposition on October 20, 2014. (*Id.*, ¶ 14). The complete (albeit short) transcript is attached to the McGrath Declaration as Exhibit H. As indicated on the transcript, counsel for Festival Foods and a Festival Foods' executive checked the lobby and men's rooms areas of the building and waited for over 90 minutes for Plaintiff to appear. (*Id*., Ex. G). He never did. (*Id*.)

## **DISCUSSION**

"'For a long time courts were reluctant to enter default judgments, and appellate courts were reluctant to sustain those that were entered....Those times are gone'—thankfully." *Halas v. Consumer Servs., Inc*., 16 F.3d 161, 162 (7th Cir. 1994) (*quoting Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1224 (7th Cir. 1991)) (dismissing *pro se* plaintiff's case under Rule 37(b) and 37(d) after he failed to appear for his deposition).

Federal Rule of Civil Procedure 37(d) empowers district courts to enter sanctions against a party who "fails, after being served with proper notice, to appear for that person's deposition." Available sanctions include dismissal and entry of default judgment. Fed. R. Civ. P. 37(d)(3) (incorporating sanctions set forth in Rule 37(b)(2)(A)(i-vi)). *See also Halas*, 16 F.3d at 165; *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009); *Rowser v. Dedicated Logistics, Inc.*, Case No, 10-cv-93, 2011 WL 111740, *2 (E.D. Wis. Jan. 12, 2011). The authority to dismiss an action lies within the discretion of the district court, and such dismissals are reviewed under the

"abuse of discretion" and "clearly erroneous" standards. *Halas*, 16 F.3d. at 163-64. The Seventh Circuit will affirm a dismissal under Rule 37(d) "so long as it could be considered reasonable." *Collins*, 554 F.3d at 696.

Unlike sanctions under Rule 37(b) for failing to comply with a court order, the district court need <u>not</u> find willfulness or bad faith before issuing sanctions under Rule 37(d). *Halas*, 16 F.3d at 165, n. 6. Moreover, the "district court is not required to fire a warning shot" before assessing the sanction of dismissal. *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987); *see also Halas*, 16 F.3d at 165 ("It is axiomatic that the district court need not impose a lesser sanction prior to assessing the sanction of dismissal."); *Rowser*, 2011 WL 111740, *2.

Dismissal is the appropriate sanction in this case. First, Plaintiff was "served with proper notice" of the deposition as required by Rule 37(d). Plaintiff was served with the Amended Notice of Deposition by U.S. Mail to his last known address. (McGrath Dec., Ex. G). This constitutes proper service under Fed. R. Civ. P. 5(b)(2)(C). What's more, Festival Foods chose the October 20th date because Plaintiff's then-effective counsel of record stated that Plaintiff would be available that day. (*Id.*, Exs. D & E). In addition, at the hearing on the motion to withdraw, Attorney Dill stated that Plaintiff had been informed of the October 20th deposition date. (ECF 17). Plaintiff was on notice, both formal and informal, that the deposition would take place on October 20th.

Second, Plaintiff's failure to appear was not substantially justified. This is not a case in which the parties had a dispute about the order in which discovery would be taken or the scope of discovery. *Cf. Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251, 257 (E.D. Wis. 2013). Indeed, despite receiving both formal and informal notice of the deposition, Plaintiff never
5

contacted Festival Foods to indicate that he would not appear. Instead, Plaintiff allowed Festival Foods to incur the costs associated with attorney fees, travel, room rental, and a court reporter. Nor can Plaintiff complain that the deposition location was inconvenient. Festival Foods set the deposition to occur at a location less than 5 miles from Plaintiff's residence. There is simply no excuse or justification for Plaintiff's failure to appear.

Third, as described *supra*, Plaintiff has engaged in a "pattern of disregard for discovery rules", including the failure to supply complete responses to interrogatories and produce all responsive documents. *Collins*, 554 F.3d at 696-97 (dismissing case under Rule 37(d) after *pro se* plaintiff walked out of deposition). To this day, Plaintiff has failed to produce pertinent medical records, has not identified witnesses who observed the seizure alleged in his Complaint, and has not withdrawn his objection to producing documents related to the damages he is seeking. Plaintiff's failure to appear for his deposition is little more than a continuation of his pattern of failing to meet discovery obligations. *Rowser*, 2011 WL 111740, *3 (dismissing *pro se* plaintiff's case under Rule 37(d) when refusal to appear for deposition was "merely continuing in his pattern of evading discovery."). In light of Plaintiff's cavalier attitude towards discovery and the Court's rules, dismissal is an appropriate sanction.

In addition, dismissal is an appropriate remedy because Festival Foods cannot adequately mount a defense without the ability to take Plaintiff's deposition. Plaintiff has refused to provide complete discovery responses and document production and, instead, insisted that Festival Foods' questions are "better suited" for a deposition. (McGrath Dec., Ex. C). As a matter of law, Festival Foods has a right to both written discovery and a deposition of the Plaintiff. *See, e.g,* Fed. R. Civ. P. 26 & 30. Dismissal is appropriate because the Plaintiff is unfairly attempting to prevent Festival Foods from accessing either form of discovery. *Collins*, 554 F.3d at 697 (no

6

abuse of discretion in dismissing case when *pro se* plaintiff's deposition was required to clarify vague pleadings and plaintiff had hindered written discovery).

Finally, Festival Foods further requests an order requiring Plaintiff to pay its reasonable expenses in relation to the deposition and this motion, including its attorney fees. Fed. R. Civ. P. 37(d)(3) ("the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

## CONCLUSION

For the reasons stated above, Festival Foods respectfully requests that the Court **DISMISS** this action with prejudice and **AWARD** attorney fees and other reasonable expenses pursuant to Fed. R. Civ. P. 37(d).

Dated this 24th day of October, 2014.

/s/ Tony H. McGrath
Mark P. Tilkens, WI Bar No. 1042849
Direct Tel: (608) 807-5271
Direct Fax: (608) 807-5286
mtilkens@constangy.com
Tony H. McGrath, WI Bar No. 1042806
Direct Tel: (608) 807-5274
Direct Fax: (608) 807-5289
tmcgrath@constangy.com

CONSTANGY, BROOKS & SMITH LLP
1 South Pinckney Street, Suite 930
Madison, WI 53703

*Attorneys for Defendant Skogen's Foodliner, Inc. (d/b/a Festival Foods)*